Nathaniel K. Charny (NC 5664)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
ncharny@charnywheeler.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LOCAL 3599, NYC DEPT. OF ENVIRONMENTAL PROTECTION TECHNICAL PROFESSIONAL EMPLOYEES, NATHANIEL HENDRICKS, JAMES MANGARILLO, THOMAS GANZ, PUJA SAHA and PHILIP ARMSTRONG,<br><br>Plaintiffs,<br><br>vs.<br><br>THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, and ZOE ANN CAMPBELL<br><br>Defendants. | COMPLAINT<br><br>Case No. ____________<br><br>JURY TRIAL DEMANDED |

Plaintiffs, by and through counsel, complain upon knowledge as to Plaintiffs and Plaintiffs' own acts, and upon information and belief as to all other matters, as follows.

## NATURE OF THE CASE

1. Plaintiffs bring this action pursuant to 42 U.S.C. Section 1983 for violation of their Constitutional rights under the Fourteenth Amendment of the U.S. Constitution for denial of their substantive and procedural due process rights.

2. Plaintiffs have all been denied their due process rights by the Defendants' denial of proper title and pay for positions the Plaintiffs have been selected to and are in fact filling.

3. Plaintiffs -- all members of the Plaintiff Local 3599, NYC Dept. Of Environmental Protection Technical Professional Employees' (the Union's) bargaining unit -- are being selectively treated as compared to all others insofar as the Defendants are failing and refusing to process personnel action forms in a timely fashion for the impermissible reason that Plaintiffs are members of the Union's bargaining unit.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is proper under and 28 U.S.C. §§ 1331 and 1343, as this action seeks redress for the violations of Plaintiffs' Constitutional rights.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in the District.

## PARTIES

6. Plaintiff Union is a New York State unincorporated association and municipal labor union affiliated with District Council 37, AFSCME, AFL-CIO.

7. Plaintiff Nathaniel Hendricks is and was for all relevant times a member of the Union and has been employed by Defendant City of New York since August 24, 2015.

8. Plaintiff James Mangarillo is and was for all relevant times a member of the Union and has been employed by Defendant City of New York since December 10, 2018.

9. Plaintiff Thomas Ganz is and was for all relevant times a member of the Union and has been employed by Defendant City of New York since August 15, 2000.

10. Plaintiff Puja Saha is and was for all relevant times a member of the Union and has been employed by Defendant City of New York since December 9, 2019.

11. Plaintiff Philip Armstrong is and was for all relevant times a member of the Union and has been employed by Defendant City of New York since April 21, 2019.

12. Defendant The City of New York is a municipal subdivision of the State of New York and is comprised of the five boroughs, including the counties of Bronx, Kings, Queens, Richmond and New York.

13. Defendant The City of New York, Department of Environmental Protection (herein Defendant DEP) is a Department of the Defendant of the City of New York.

14. Defendant Zoe Ann Campbell is the Deputy Commissioner of Defendant DEP's Bureau of Organizational Development and Human Resources. Defendant Campbell has ultimate responsibility and discretion and has set the policies in place for all the violative conduct alleged in this Complaint.

## FACTS

15. Plaintiff Union represents approximately three hundred Defendant DEP technical and professional employees who work throughout the upstate communities of the New York City watershed. Plaintiff Union's members are responsible for the critical mission of ensuring the delivery of water to the residents and visitors of New York City.

16. All of the individual Plaintiffs are employed by Defendant City and are, or were at all relevant times, members of Plaintiff Union.

17. On or about November 25, 2019, Defendant City posted the open position of Supervisor (Project Review) Associate Project Manager Level 3. Plaintiff Hendricks, who was at the time in the bargaining unit in the title of Associate Project Manager Level 2, applied for this position. Plaintiff Hendricks was interviewed for the position and on or about July 29, 2020

Plaintiff Hendricks was formally and officially appointed to the position and began performing all of the duties and responsibilities of the position on that date.

18. Plaintiff Hendricks' position carries with it a mandatory minimum salary of $103,631.

19. To date, upon information and belief, Defendant City has failed and refused to process the necessary paperwork for Plaintiff Hendricks to receive the appropriate rate of pay for the new position.

20. On or about December 9, 2020 Defendant City posted the open position of Deputy Chief of Reservoir Operations, Administrative Project Manager (NM). Plaintiff Mangarillo, who was at the time in the bargaining unit in the title of Civil Engineer Level 3, applied for this position. Plaintiff Mangarillo was interviewed for the position and on or about July 8, 2021, Plaintiff Mangarillo was formally and officially appointed to the position and began performing all of the duties and responsibilities of the position on that date.

21. Plaintiff Mangarillo's position carries with it a mandatory minimum salary of $110,000.

22. To date, upon information and belief, Defendant City has failed and refused to process the necessary paperwork for Plaintiff Mangarillo to receive the appropriate rate of pay for the new position.

23. In or about September 2021, Plaintiff Ganz was advised of an open position in the title of Downsville Regional Engineer and Watershed Agriculture Council Program Manager. On or about October 4, 2021 Plaintiff Ganz, who was at the time in the bargaining unit in the title of Associate Project Manager Level 2, was assigned these higher level duties. Effective

November 23, 2021, Plaintiff Ganz was formally and officially appointed to the position and has been performing all of the duties and responsibilities of the position to this date.

24. Plaintiff Ganz's position carries with it a mandatory minimum salary of $103,631.

25. To date, upon information and belief, Defendant City has failed and refused to process the necessary paperwork for Plaintiff Ganz to receive the appropriate rate of pay for the new position.

26. On or about April 2022, Defendant City posted the open position of Associate Chemist Level 2. Plaintiff Saha, who was at the time in the bargaining unit in the title of Associate Chemist Level 1, applied for this position. Plaintiff Saha was interviewed for the position and on or about May 3, 2022, Plaintiff Saha was formally and officially appointed to the position and began performing all of the duties and responsibilities of the position on that date.

27. Plaintiff Saha's position carries with it a mandatory minimum salary of $69,045.

28. To date, upon information and belief, Defendant City has failed and refused to process the necessary paperwork for Plaintiff Saha to receive the appropriate rate of pay for the new position.

29. On or about January 2022, Defendant City posted the open position of Research Scientist Level 2 (JVN 510097). Plaintiff Armstrong, who was at the time in the bargaining unit in the title of Assistant Civil Engineer, applied for this position. Plaintiff Armstrong was interviewed for the position and on or about April 25, 2022, Plaintiff Armstrong was formally and officially appointed to the position and began performing all of the duties and responsibilities of the position on that date.

30. Plaintiff Armstrong's position carries with it a mandatory minimum salary of $86,830.

31. Defendants failed to process any paperwork to ensure that Plaintiff Armstrong would be paid the proper rate of pay until May 31, 2022, more than one month after Plaintiff Armstrong began employment in the position.

32. Defendants without exception have failed and refused to process the necessary paperwork so that the Individual Plaintiffs would receive the promised rate of pay for their new position at the time that the Individual Plaintiffs are appointed to the position.

33. Defendants purposefully and intentionally appointed the Individual Plaintiffs to the positions knowing that the Defendants would not pay the Individual Plaintiffs the promised-for rate of pay and yet would secure the mission critical services necessary in the positions filled.

34. Defendants scheme to secure mission critical services from the Individual Plaintiffs without having to pay them for the work has as its single distinction that the Defendants believe that they can get away with the scheme because the Individual Plaintiffs are members of Plaintiff Union.

35. Defendant City routinely and upon information and belief without exception processes all necessary paperwork in a timely manner for all other hires into Defendant DEP positions without delay such that such individuals are paid the promised rate of pay immediately upon being appointed to the position.

36. For example, in or about February 2022, Defendant DEP posted thirty-nine (39) open positions related to the Rondout-West Branch Tunnel project within Defendant DEP.

37. Defendants had already completed the paperwork and secured funding approval from New York City's Office of Management and Budget such that all persons hired for these new positions would be paid the full amount of salary prescribed by the title without delay.

38. One Union member (Plaintiff Saha) was offered one of these positions and as such would have received the full compensation due the title without delay. Such hiring procedures were conducted at the supervisor level.

39. Once Defendant DEP's Bureau Administration (management) came to know that one of the thirty-nine (39) selected was in the Union, the offer to Plaintiff Saha was retracted.

40. The offer to Plaintiff Saha was retracted because it is Defendants' stated policy and practice that Union members do not have access to positions which had pre-authorized funding from OMB. Instead, Defendants knew that Defendants could assign the new duties to Union members, such as Plaintiff Saha, without having to pay Plaintiff Saha the full amount due in compensation for such duties.

41. All of individuals actually hired as part of the February 2022 hiring were not in Plaintiff Union's bargaining unit. Without exception, Defendant DEP timely processed all necessary paperwork and each of these people began without any delay in payment of the proper rate of pay.

42. Within approximately two months after the February 2022 hiring, Defendants engaged in the exact subterfuge evincing the selective treatment, to wit, Plaintiff Saha was placed in the identical position and title as the rescinded February 2022 offer, except without the reserved funding as was present for the position in February 2022. To this date, Plaintiff Saha is not compensated the promised wage for the title yet she is in the title and performing the duties.

43. The Individual Plaintiffs compared with others similarly situated, were and are being selectively treated in that Defendants are failing and refusing to process paperwork and pay the Individual Plaintiffs the promised pay rate for their positions.

44. The selective treatment of the Individual Plaintiffs is motivated by an intention to discriminate on the basis of impermissible consideration, to wit, membership in Plaintiff Union's bargaining unit, and/or to punish or inhibit the exercise of the Constitutional right of municipal union membership.

45. Defendants consciously have applied and are applying a different standard of enforcement regarding ensuring proper rates of pay to similarly situated cohorts of individuals, all of whom are hired into new positions and yet some are paid the proper rate of pay while those who are members of Plaintiff Union are required to begin their new positions without the proper rate of pay.

46. To date, Defendants have failed and refused to take any steps to remediate this systemic selective treatment of Plaintiff Union's members who are appointed to new positions.

47. Defendants conduct as alleged in this Complaint constitutes a clear policy, custom and practice to engage in selective adverse treatment of the Individual Plaintiffs because they are members of Plaintiff Union and to deny Plaintiffs their substantive due process rights under the Constitution.

<div style="text-align:center">

FIRST CAUSE OF ACTION
(Substantive Due Process)

</div>

48. Plaintiffs restate the foregoing allegations as if fully set forth in this cause of action.

49. By the foregoing Defendants have engaged in action that is arbitrary, conscience-shocking, and/or oppressive in a Constitutional sense.

50. Defendants' actions shock the conscience.

51. The Individual Plaintiffs have an identified property interest in the promised and proper title and rate of pay immediately upon their appointment to the position, with such property interest protected by the Due Process Clause of the U.S. Constitution.

52. Defendants' actions are egregious and outrageous and it may fairly be said to shock the contemporary conscience and the Due Process Clause would not countenance such actions even if they were accompanied by full procedural protection.

53. As a result of Defendants' conduct, Plaintiffs have been damaged.

## SECOND CAUSE OF ACTION
### (Selective Enforcement)

54. Plaintiffs restate the foregoing allegations as if fully set forth in this cause of action.

55. By the foregoing Defendants have violated the Plaintiffs' Constitutional right to be free from selective enforcement and/or selective treatment.
As a result of Defendants' conduct, Plaintiffs have been damaged.

## THIRD CAUSE OF ACTION
### (Breach of Contract or Quasi-Contract)

56. Plaintiffs restate the foregoing allegations as if fully set forth in this cause of action.

57. For each of the Individual Plaintiffs, the Individual Plaintiff entered into a contractual agreement with Defendants to perform certain services for Defendants and to get paid a certain rate of pay for such services.

58. Each of the Individual Plaintiffs accepted such offer and have worked to this date performing the services requested, yet Defendants have failed and refused to pay the Individual Plaintiffs the promised rate of pay.

59.     Defendants' breach of the contract between the Individual Defendants and Defendants was and is explicit and intentional.

60.     In the alternative, Defendants have and are in breach of quasi-contract.

61.     As a result of Defendants' conduct, the Individual Plaintiffs have been damaged.

## JURY TRIAL DEMAND

62.     Plaintiffs demand a trial by jury.

## REQUEST FOR RELIEF

63.      Plaintiffs request judgement against Defendants for all actual damages, compensatory damages including mental anguish and pain and suffering, and punitive damages.

64.     Plaintiffs request said judgment include pre- and post-judgment interest.

65.     Plaintiffs request said judgment include attorney's fees and costs.

Dated: Rhinebeck, New York
       February 7, 2023

_____
Nathaniel K. Charny (NC 5664)
Charny & Wheeler P.C.
9 West Market Street
Rhinebeck, New York 12572
Tel - (845) 876-7500
Fax - (845) 876-7501
ncharny@charnywheeler.com

Attorneys for Plaintiffs